(138 So. 663)

**STATE v. McPHERSON.**

No. 31419.

Nov. 30, 1931.

Jos. A. Casey, of New Orleans, for applicant.

Percy Saint, Atty. Gen., and Eugene Stanley, Dist. Atty., and Charles W. Kehl and Warren O. Coleman, Asst. Dist. Attys., all of New Orleans (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

ROGERS, J.

Relator was charged and convicted in the juvenile court for the parish of Orleans of the nonsupport of his wife, in violation of Act No. 34 of 1902. The conviction and sentence was affirmed on appeal to the appellate division of the criminal district court for the parish of Orleans, and relator has invoked the supervisory jurisdiction of this court to review the proceedings in the appellate court.

It is suggested in the brief filed on behalf of the state that as only questions of fact

are involved this court is without authority to review the merits of the case. Per contra, it is argued in the brief filed on behalf of the relator that this court is vested with jurisdiction to consider the case both on the law and the facts.

Section 96 of article 7 of the Constitution of 1921 creates the juvenile court for the parish of Orleans, defines its jurisdiction, and prescribes the method of procedure therein. In the first paragraph of the section it is provided as follows, viz.: "Appeals shall lie on questions of law and of fact to the Criminal District Court from all judgments rendered by the Juvenile Court, but said appeals shall not suspend the judgment of said court. The Supreme Court shall have the right to review such judgments of the Criminal District Court by writ of certiorari or review."

Section 83 of article 7 of the Constitution of 1921 also clothes the criminal district court for the parish of Orleans with appellate jurisdiction of all cases tried before the juvenile court of the parish of Orleans, and provides that such appeals "shall lie on questions of law and fact to two or more of the judges of the said Criminal District Court, as may be prescribed by said court; and the court shall adopt rules regulating the manner of taking and hearing and deciding said appeals."

It is argued on behalf of the relator that inasmuch as under the Constitution the judgments of the criminal district court on appeals from the juvenile court are on the law and the facts, the right granted to this court to review "such judgments" necessarily means that the review shall be both on the law and the facts. We do not think that the argument can be successfully maintained.

The policy of our fundamental law in respect to criminal cases is to limit this court's jurisdiction, supervisory or appellate, to questions of law alone. Thus, under section 54 of article 7 of the Constitution of 1921, appeals from juvenile courts other than the parish of Orleans are allowed direct to this court, and are limited only to questions of law. And under section 10 of article 7 of the Constitution, the appellate jurisdiction of this court extends to questions of law alone in criminal cases.

The Constitution directs that appeals from the judgments of the juvenile court for the parish of Orleans shall lie to the appellate division of the criminal district court for the parish of Orleans, instead of to this court, as in the case of appeals from the other juvenile courts of the state. Hence, persons accused before the juvenile court for the parish of Orleans are not deprived of the right of appeal, and the appeal which is authorized by the Constitution, unlike the appeals from the other juvenile courts, is both on the law and the facts. The evident purpose of the Constitution in authorizing this court to review judgments rendered by the criminal district court for the parish of Orleans on appeals from the juvenile court is to confer the same right upon persons prosecuted before the juvenile court in the parish of Orleans as is enjoyed by persons prosecuted in the juvenile courts of the other parishes of the state of having their cases reviewed by this court on questions of law alone; thereby securing uniformity in the pertinent jurisprudence.

The prescribed procedure for obtaining the review by this court of a judgment of the criminal district court on an appeal from the juvenile court is by writ of certiorari or review. The writ is not one of right. It does not lie to revise the correctness of the judgment on the merits. Its function is restricted to the ascertaining of the validity of the proceedings on the face of the papers. In this respect it differs from the writ of re-

view issued to the courts of appeal by virtue of article 7, § 11, of the Constitution of 1921, under which this court is expressly given the same power and authority in the case as if it had been brought here directly by appeal.

This case was not ordered up for the purpose of reviewing the facts, but because the exhibits attached to relator's application for writs indicated the irregularity of the proceedings in the criminal district court.

The original record produced in obedience to the writ of certiorari issued herein shows that the case was heard by appellate division No. 3 of the criminal district court, composed of three judges, on June 29, 1931. The minute entries of the court disclose that after argument of counsel for appellant and the submission of briefs, the case was taken under advisement, one of the judges, however, rendering his decision orally affirming the judgment, for the reason that he was going on his vacation the next day, June 30, 1931. The court was then adjourned to July 6, 1931. On that day, the court reassembled, with two judges present, and one of the judges, the other judge taking no part, undertook to pronounce the opinion and judgment of the court in the following words, viz.: "Finding of the Juvenile Court confirmed." On July 9, 1931, the court convened with only one of the judges present, and this judge, in the absence of the other two judges, refused the application for a rehearing which had been applied for by the defendant.

The Constitution (article 7, § 83) requires that the criminal district court sitting as an appellate tribunal for the review of cases unappealable to this court and of cases tried in the juvenile court shall be composed of two or more judges of the criminal district court, as may be prescribed by said court.

In our opinion the criminal district court in disposing of relator's appeal from the judgment of the juvenile court failed to follow the established mode of judicial procedure, as contemplated by the constitutional provision.

A judgment is the judicial act of the court. Where a court consists of several judges, as does the appellate division of the criminal district court, the judgment should be pronounced at one sitting of the court, and not by the individual members at different sittings of the court. The judicial power is lodged in the court and not in the individual judges.

Neither of the so-called judgments affirming the judgment of the juvenile court was rendered by the criminal district court. They were only the individual opinions or acts, rendered or performed at different times, of two of the three members of the court. And the refusal of the application for a rehearing was wholly unauthorized, in the absence of the number of judges required by law to hold court.

For the reasons assigned, the proceedings in the criminal district court on relator's appeal from the judgment of the juvenile court is annulled, and this case is remanded to the criminal district court for further proceedings consistent with the views herein expressed.